IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>$66,600 IN UNITED STATES CURRENCY,<br><br>　　　Defendant. | Case No. 3:24-CV-01524-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This is a civil action *in rem* in which Plaintiff the United States of America ("United States" or "Government") seeks the forfeiture of Defendant $66,600, which, it claims, constitutes money "furnished or intended to be furnished . . . in exchange for a controlled substance." 21 U.S.C. § 881(a)(6). Claimant Khalid Pervez has claimed an interest in Defendant and contests the United States' forfeiture efforts. Now before the Court is the United States' Motion to Strike Pervez's Answer (Doc. 7) and Verified Claim of Interest (Doc. 8). (Doc. 11).

## BACKGROUND

On February 9, 2024, officers of the Drug Enforcement Taskforce ("DEA") conducted a traffic stop on Interstate 270 westbound in Madison County, Illinois. (Doc. 1-1 ¶ 1). Pervez was the driver, and he appeared noticeably nervous in his interactions with the officers. (*Id.* ¶¶ 5-9). The officers brought their K-9 partner, Tobi, onto the scene to perform a "free air sniff" around Pervez's car. (*Id.* ¶¶ 20, 29). Tobi identified a positive odor for narcotics coming from the car. (*Id.* ¶ 32). After some back and forth with Pervez,

where he continued to act nervous and confused, the officers conducted a search of his car and found "a large amount of United States currency . . . located inside a Ziplock style bag, that was wrapped inside a plastic grocery bag, inside of [a] lunch box, inside approximately four other plastic grocery bags." (*Id.* ¶ 44). An official count revealed $66,600 in cash. (*Id.* ¶ 50). Pervez insisted that he intended to use the money to buy a new semi-trailer, and that it was neither derived from nor intended for an unlawful purpose. (*Id.* ¶ 33). Thus, when the DEA initiated an administrative forfeiture proceeding, Pervez filed a claim contesting forfeiture in March 2024. (Gov. Mot. to Strike ¶ 1 (Doc. 11)).

On June 18, 2024, the Government filed a Verified Complaint of Forfeiture in this Court. (Doc. 1). Two days later, the Government filed a Direct Notice of Civil Judicial Forfeiture (the "Notice"), indicating that potential claimants had until August 4, 2024 to file a claim. (Doc. 3). The Notice was also sent to Pervez directly via certified mail at addresses in Oklahoma and Pennsylvania. (*Id.*). Pervez ostensibly received the Notice on June 24, 2024, as shown by a delivery confirmation he signed. (Doc. 11-1, p. 1).

On June 22, 2024, the government posted a notice of forfeiture on its official website ([www.forfeiture.gov](www.forfeiture.gov)), where it remained for 30 days. (Doc. 10). On July 8, 2024, Attorney Edward Johnson sent a letter to the United States Marshals Service, indicating that he represented Pervez in connection with this forfeiture action. (Doc. 11-2). On August 30, 2024, Attorney Johnson entered his appearance on behalf of Pervez (Doc. 5) and filed a demand for jury trial (Doc. 6) and an answer to the complaint (Doc. 7). On September 18, 2024, Pervez filed a verified claim of interest in the Defendant property. (Doc. 8).

The United States moves to strike Pervez's answer and verified claim on the basis that they are untimely and thus not in "strict compliance" with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), which govern the procedural aspects of this action. Pervez's failure to abide by the Supplemental Rules, the government contends, means that he lacks standing to pursue his claim.

## DISCUSSION

"To establish statutory standing in a civil forfeiture proceeding, a claimant must adhere to the procedural requirements set forth in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions." *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 618 (7th Cir. 2015). In addition to the Supplemental Rules, 18 U.S.C. § 983(a)(4)(A) provides:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

Under Supplemental Rule G(5)(a)(i)(A)-(D), the "claim" must identify the property in question, identify the claimant and state his interest in the property, be signed under the penalty of perjury, and be served on the government's counsel. If direct notice was sent, the claim must be filed by the time stated in the notice, "[u]nless the court for good cause sets a different time." FED. R. CIV. P. SUPP. R. G(5)(a)(ii)(A). A claimant must also "serve

and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." FED. R. CIV. P. SUPP. R. G(5)(b). To distill it down to its essence, "[t]he main procedural requirements imposed by Rule G are that the claimant must show that he has filed a timely claim and answer, that the claim is properly verified, and that he has identified himself and alleged an interest in the property." *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 643 (7th Cir. 2015) (internal quotation marks omitted). "Most courts," including the Seventh Circuit, moreover, "hold that to establish statutory standing the claimant simply has to show that he has satisfied all of the pleading requirements in § 983(a)(4) and Rule G(5)." *Id.* (quotation marks omitted).

Although "strict compliance" with the Supplemental Rules is generally required, *United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir. 2000), "[i]t is . . . within the district court's discretion to permit an extension of time to file a claim." *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 561 (7th Cir 1988). This discretionary authority is consistent with Federal Rule of Civil Procedure 6(b)(1)(A), which allows district courts to extend the time in which something must get done "with or without motion or notice." *See also R.J. O'Brien*, 783 F.3d at 619 ("[T]he Federal Rules of Civil Procedure are always in play, even in the midst of civil forfeiture actions."). Here, the government's notice gave Pervez until August 4, 2024 to file a claim. (Doc. 3). Pervez did not file a claim until September 18, 2024. The issue is thus whether Pervez's failure to meet the August 4, 2024 claim filing deadline should be excused.

The Seventh Circuit has taken a pragmatic approach to cases involving a

claimant's non-compliance with the Supplemental Rules. In *$103,387.27*, the claimants failed to properly verify their claim under Supplemental Rule C(6). 863 F.2d at 562. The district court granted the government's motion to strike the claim for that reason and denied the claimants' request for more time to file a verified claim. *Id.* at 558. The Seventh Circuit reversed. It explained that even though the claimants had failed to satisfy an "essential element" of their claim, the district court should have considered whether an extension to achieve compliance with the Supplemental Rules was appropriate. *Id.* at 562. This was particularly true where the claimants had taken other steps to notify the government and the district court of their interest in the property. *Id.* The court devoted particular attention to two issues: "(1) whether the claimant has advised the court and government of his interest in the defendant—here the currency—before the claim deadline, and (2) whether the government would be prejudiced by allowing the late filing." *Id.* Both of these considerations weighed in the claimant's favor, leading the court to conclude that "[w]here the claimants have made a good-faith effort to file a claim and where the government can show absolutely no prejudice by the granting of an extension of time, we think it an abuse of discretion to deny an extension of time to amend a claim of ownership, absent any countervailing factors." *Id*. at 563.

Similarly, in *$239,400*, 795 F.3d at 641, the Seventh Circuit addressed an appeal from a district court's grant of summary judgment in favor of the government on standing grounds due to the claimants' failure to answer interrogatories under Federal Rule of Civil Procedure Supp. R. G(8)(c)(i)(A). The court, again, reversed because a discovery defect did not undermine the "truly threshold" question of whether the

claimant had statutory standing to pursue a claim. *Id.* at 646. Rather, to satisfy statutory standing under Supplemental Rule G, the claim had to be "signed under penalty of perjury," be "served on the government," identify the claimant and "the specific property claimed," and "state what interest [the claimant] has in the property." *Id.* at 644. Because the claimants' supposed failure to respond to the government's interrogatories did not undermine this "threshold" inquiry, the district court's grant of summary judgment was reversible error. *Id.* at 646-47.

Here, the question is whether Pervez's claim, which was filed 45 days late, strips him of statutory standing to contest the government's forfeiture action. Under *$103,387.27* and *$239,400*, the answer is No. Although Pervez received the Direct Notice on June 24, 2024, the record suggests that he acted diligently to pursue his claim. By July 8, 2024, he had hired a lawyer, Attorney Johnson, who contacted the Marshals Service to inform them that he represented Pervez in this action. Although seven weeks then passed without further activity, Pervez filed his answer on August 30, 2024, a little over a month after the government had stopped publicizing the forfeiture notice on www.forfeiture.gov. While it is true that Pervez was not in "strict compliance" with the Supplemental Rules, the record suggests that he treated the Government's forfeiture action with the necessary urgency that warrants a more generous exercise of the Court's discretion. *Compare Saul Stone*, 219 F.3d at 598 (relief from Supplemental Rules violation not warranted where claimant filed unverified complaint and then waited two years to file answer to government's complaint).

The Government would also be hard pressed to contend that it was somehow

caught off guard by Pervez's claim. As early as March 20, 2024, before this action was even initiated, Pervez had filed a claim to the money in the DEA's administrative forfeiture proceeding. The government, moreover, commendably concedes that it suffered no prejudice as a result of Pervez's late-filed claim. (Doc. 13, p. 3). Nor does the Government contend that Pervez's claim fails to meet the substantive requirements of Supplemental Rule G(5)(a)(i)(A)-(D). The only issue is the timing of Pervez's claim and answer, which were filed within weeks of the claim filing deadline under Supplemental Rule G(5)(a)(ii)(A).

Considering the Court's inherent authority to extend deadlines—on motion or *sua sponte*—under Federal Rule of Civil Procedure 6(b), Pervez's diligence in pursuing his claim, the lack of substantive deficiencies in his filings, and the lack of prejudice to the Government, the appropriate exercise of discretion here is to excuse Pervez's late filing. Barring Pervez from pursuing his claim would amount to a proverbial exaltation of form over substance, something that *$103,387.27* and *$239,400* do not appear to condone where the claimant acts diligently and the prejudice to the government is non-existent. *See $103,387.27*, 863 F.2d at 562 (extension of time to file verified claim may be warranted where claimant acted diligently and government was unlikely to be prejudiced by extension).

## CONCLUSION

For these reasons, the United States' Motion to Strike Pervez's answer and verified claim is **DENIED**. The Court **ACCEPTS** Pervez's verified claim (Doc. 8) and his answer to the Government's complaint (Doc. 7) as filed. The Court will set a scheduling

conference by separate order.

    **IT IS SO ORDERED.**

    **DATED:  September 30, 2025**

                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**